UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARENCE D. JOHNSON, JR.,

        Plaintiff,

    v.

SALVATION ARMY, RUSSELL MOORE, CDC
GOV COVID-19, VICE PRESIDENT KAMALA
HARRIS, ANGELA BYERS, JOE BIDEN,
TRUMP, PRESIDENT OBAMA, and QUEEN
ELIZABETH,

        Defendants.

Case No. 21-cv-376-JPG

**MEMORANDUM AND
SANCTIONS ORDER**

       This matter comes before the Court on the Court's April 28, 2021, order for plaintiff Clarence D. Johnson, Jr. to show cause why the Court should not impose a $5.00 monetary sanction and civil filing restriction in light of his history of frivolous and incomprehensible pleadings (Doc. 7).  *See* Fed. R. Civ. P. 11(c); *Support Syst. Int'l v. Mack*, 45 F.3d 185 (7th Cir. 1995).  In the order to show cause, the Court noted Johnson's four frivolous lawsuits recently filed in this district—*Johnson v. Watson*, No. 20-cv-792-SPM; *Johnson v. U.S. Judges*, No. 20-cv-832-NJR; *Johnson v. Queen Elizabeth*, No. 21-cv-352-JPG, and this case—and the warnings the Court has given Johnson about filing frivolous lawsuits.  The Court further noted Johnson's extensive frivolous litigation history elsewhere in the country.  *See, e.g., Johnson v. Ill. Child Family Servs.*, No. 4:21-cv-00135-NAB (E.D. Mo. 2021); *Johnson v. Paul,* No. 2:21-cv-73-MHT-SRW (M.D. Ala. 2021); *Johnson v. D.O.T.,* No. 3:20-cv-1401-HES-MCR (M.D. Fla. 2020); *Johnson v. Director of Energy,* No. 2:20-cv-11314-JGB-JC (C.D. Cal. 2020); *Johnson v. Obama Trump Admin. Am. Med. Soc. Dep't Labor*, No. 1:19-cv-07425 (N.D. Ill. 2019).  The

Court set a deadline of May 14, 2021, for Johnson to respond to the order to show cause and warned Johnson that if he failed to file a timely and comprehensible response, the Court would impose sanctions to be effective throughout the district.

As of today, Johnson has not responded to the order to show cause. The Court finds Johnson's multiple frivolous filings in this district violate Rule 11(b), which prohibits filings that are factually or legally frivolous and therefore warrant sanctions under Rule 11(c). Such filings cause the Court to waste its limited and valuable resources reviewing his indecipherable filings and contemplating what to do with them. This forces litigants with legitimate claims and defenses to bear the resulting delays. Accordingly, as it warned it would, the Court will impose sanctions pursuant to Rule 11(c) and a civil filing restriction tailored to Johnson's abuse of the court's processes, as explained in the order to show cause. *Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (citing *In re Anderson,* 511 U.S. 364, 365-66 (1994) (*per curiam*)).

Specifically, the Court **SANCTIONS** Johnson in the amount of $5.00, payable to the Clerk of Court. As discussed in the order to show cause, in light of Johnson's indigency, a modest financial sanction of $5.00 is appropriate and unlikely to be an insurmountable hurdle should he have a colorable legal claim.

The Court further **ORDERS** that until Johnson pays the $5.00 sanction in full, the Court will refuse (1) to open any new civil cases except for a petition for a writ of habeas corpus or (2) to accept any additional documents except for (a) a notice of appeal of this order or (b) pleadings filed as a defendant in another civil or criminal case. *See Mack*, 45 F.3d at 186. Johnson must attach a copy of this order to any papers submitted to the Court while this filing restriction is in place. This sanction applies throughout the Southern District of Illinois. Notwithstanding the foregoing, Johnson may seek modification or rescission of this sanction order by filing a motion

in this case *no earlier* than two years from entry of this order.

The Court further notes that Johnson has failed to comply with the Court's order to pay the full filing fee of $402.00, which he incurred when he filed this lawsuit, within 30 days of entry of the order to show cause.  In light of the sanctions set forth above, the Court **RESERVES RULING** on the question of sanctions for failure to obey that order.  Johnson is still obligated to pay the full $402.00 filing fee for this case.  Any payments received by Johnson shall be applied first to the $5.00 sanction, then to the filing fees he has accumulated in this and other cases within the district.

**IT IS SO ORDERED.**
**DATED:  June 11, 2021**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**